Argued September 24, affirmed November 5, petition for rehearing
denied December 7, 1971

JAMES ROBERT BISHOP, *Appellant, v.*
CUPP, *Respondent.*

490 P2d 524

*Fredric R. Merrill,* Eugene, argued the cause for appellant. With him on the briefs was Henry R. Richmond, Certified Law Student, University of Oregon, Eugene.

*Jim G. Russell,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

THORNTON, J.

Petitioner, who is presently confined in the Oregon State Penitentiary, serving a life sentence, appeals the dismissal of his petition for a writ of habeas corpus. He contends that Oregon waived jurisdiction over him by surrendering him to Arizona following his sentence to life imprisonment here.

On October 24, 1966, in the Circuit Court for Multnomah County, petitioner pled guilty to the charge of assault and robbery being armed with a dangerous weapon. On January 13, 1967, a sentencing hearing was held, which resulted in a sentence of life imprisonment, with transfer to the Oregon State Penitentiary stayed for 20 days.

This stay, as well as a previous postponement of the sentencing hearing for 60 days, was granted at the petitioner's request to allow him to attempt to clear up other state and federal charges pending against him in Arizona, California and Nevada. After being contacted by petitioner, Arizona agreed to extradite him to face charges there.

On January 24, 1967, petitioner waived extradition to Arizona, pursuant to ORS 147.253. The original Oregon judgment and sentence was vacated and an amended judgment and sentence of life imprisonment, with execution suspended pending disposition of the Arizona charge, was imposed. Nothing was said at this time about petitioner's return from Arizona.

Petitioner was released to Arizona authorities on February 1, 1967. On March 6, 1967, the amended

judgment and sentence order of January 24 was filed. However, it contained an additional provision that petitioner be returned to Oregon to serve his sentence. Petitioner was in Arizona at the time of the filing. After disposition of the Arizona charges, petitioner was returned by extradition process to Oregon for service of his sentence.

The question presented for decision is whether Oregon waived jurisdiction over petitioner by allowing him to be removed to Arizona to be tried on charges against him there, without making prior or contemporaneous provision for his return to Oregon to serve his sentence.

Petitioner urges that we adopt the rule that jurisdiction is deemed waived unless Oregon authorities specifically provide, prior or contemporaneous to his release to the demanding state, that he is to return to Oregon to serve his sentence. We think the adoption of such a rule would be unsound. The Uniform Criminal Extradition Act, ORS ch 147, was adopted to facilitate the interjurisdictional transfer of prisoners. Interjurisdictional transfers to clear up outstanding charges protect the prisoner's constitutional right to a speedy trial and the state's interest in the orderly administration of justice. *United States v. Kipp,* 232 F2d 147, 149-50 (7th Cir 1956).

*In re Whittington,* 34 Cal App 344, 167 P 404 (1917), held that the state impliedly waived its jurisdiction over a person when it agreed to transfer him to another state. *Whittington* was overruled by *In re Patterson,* 64 Cal 2d 357, 49 Cal Rptr 801, 804, 411 P2d 897, 900 (1966). The reasoning in *Patterson* was that courts would be hesitant to transfer persons temporarily if it resulted in a loss of jurisdiction, that the

rule "preserves no legitimate right of the person held in custody and may deprive him of his right to a speedy trial," and that it was contrary to Cal Penal Code, § 1555.2. ORS 147.256, the relevant part of which provides, "nor shall any proceedings had under this chapter which result in, or fail to result in, extradition be deemed a waiver by this state of any of its rights, privileges or jurisdiction in any way whatsoever," is identical to Cal Penal Code, § 1555.2. Petitioner was transferred to Arizona pursuant to ORS 147.253. In his brief he states that his interests in the transfer are "admittedly limited." Contrasting the purposes served by minimizing the possibilities of waiver of jurisdiction against the limited interests of the petitioner, we find the reasoning in *Patterson* persuasive. We, therefore, adopt its holding, "* * * that a waiver of jurisdiction should be found only in those cases in which the record contains affirmative evidence that the waiver was intentional * * * *." As there is no affirmative evidence in the record that Oregon waived jurisdiction, we find that jurisdiction has not been waived. The petition for habeas corpus was properly dismissed.

Affirmed.