Argued March 28, affirmed April 9, two petitions for
rehearing denied May 10, petition for review
denied June 19, 1973

BLAINE NORMAN RIDDALL, *Appellant, v.*
CUPP ET AL, *Respondents.*

508 P2d 457

*Robert L. Engle,* Woodburn, argued the cause for
appellant. With him on the briefs were Eichsteadt,
Bolland & Engle, Woodburn.

*William R. Canessa,* Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FORT and THORNTON, Judges.

## SCHWAB, C. J.

This is an appeal from a judgment denying petitioner relief in an habeas corpus proceeding. Petitioner contends that his present imprisonment in the Oregon State Penitentiary is illegal because the defendant-Superintendent of the Oregon State Penitentiary relinquished jurisdiction over him by transferring him to the federal prison in Marion, Illinois, pursuant to ORS 421.211① without petitioner's consent, and without a hearing. Petitioner also contends that ORS 421.211 is unconstitutional.

---

① ORS 421.211 provides:

"(1) The Corrections Division may enter into a contract or arrangement with the authorities of the Federal Government, of any other state that is not a party to the Western Interstate Corrections Compact under ORS 421.284, or of any county in this state, providing for the detention, in an institution or jail operated by such governmental unit, of male inmates convicted of a felony in the courts of this state and sentenced to a term of imprisonment therefor in the penitentiary or the correctional institution.

"(2) After the making of a contract or arrangement under this section, inmates sentenced to a term of imprisonment in the penitentiary or the correctional institution may be conveyed by the superintendent thereof, or his assistants, to the institution or jail named in the contract. The inmates shall be delivered to the authorities of the institution or jail, there to be confined until their sentences have expired or they are otherwise discharged by law, or until they are returned to the institution in this state from which they were conveyed for further confinement."

The petitioner, having been convicted of serious crimes of violence, was serving concurrent sentences of 10 years, 25 years and life in the Oregon State Penitentiary. On August 4, 1970, petitioner was transferred by the defendant from the Oregon State Penitentiary to the Federal Bureau of Prisons and transported to Marion, Illinois, pursuant to a contract between the penitentiary and the Federal Bureau of Prisons.[2]

Prior to the transfer petitioner did not consent to the transfer nor did he have a hearing on the question of being transferred. No notice of transfer was filed in the Marion County Circuit Court. Petitioner invites our attention to the fact that on December 6, 1972, a United States District Judge for the District of Oregon held, in a case similar to the one at bar, that the petitioner in that case "* * * was entitled to a hearing before the prison authorities either prior to or a reasonable time after his transfer." *Capitan v. Cupp*, 356 F Supp 302 (D Or 1972). It does not follow that the United States District Court held ORS 421.211 unconstitutional, nor does the petitioner cite us any other authority in support of his position.

In any event, at the time the petitioner was moved to Marion, Illinois, he had an habeas corpus proceeding pending in the United States District Court for Oregon. In that proceeding petitioner, through counsel, moved for an order returning him to the Oregon State Penitentiary pending disposition of the proceeding. An order for petitioner's return was entered pursuant to that motion and petitioner was re-

---

[2] The reasons for the transfer are not relevant to the result we reach. We therefore do not set them out.

turned to the Oregon State Penitentiary where he has since remained as an inmate.

■ Even assuming for the sake of argument that there is a question of the constitutionality of ORS 421.211, we would not consider it here because the petitioner is not being currently held in any institution by virtue of that statute.

■ Petitioner's remaining argument, that the state of Oregon relinquished jurisdiction by transferring him out of the state, has no merit. Such a transfer does not operate as a waiver in the absence of a record showing affirmative intention by the state to waive jurisdiction. *Bishop v. Cupp,* 7 Or App 349, 490 P2d 524 (1971).

Affirmed.