STATE of Tennessee, Appellant,

v.

Condon GRAHAM, Appellee.

Court of Criminal Appeals of Tennessee.

Sept. 30, 1976.

Certiorari Denied by Supreme Court
Dec. 6, 1976.

R. A. Ashley, Jr., Atty. Gen., David L. Raybin, Asst. Atty. Gen., Nashville, Harold B. McDonough, Jr., Asst. Dist. Atty. Gen., Nashville, for appellant.

Jack R. Brown, Chattanooga, for appellee.

RUSSELL, Judge.

## OPINION

This is an appeal by the State from the granting of the writ of habeas corpus to the appellee, Condon Graham, resulting in his release from the State penitentiary where he was serving a one year sentence upon a 1965 Hamilton County conviction for petit larceny. The order granting the writ apparently followed an "evidentiary hearing" at which the allegations of the petition were apparently stipulated to be true. We have before us no bill of exceptions, only a technical record.

The thrust of the habeas corpus petition is that Graham has already served the State sentence, because he had received a federal penitentiary sentence on December 23, 1964, which kept him incarcerated in the federal penitentiary in Atlanta, Georgia, until June 28, 1971, and that the State sentence was concurrent as a matter of law. The record shows that Graham's attorney moved the Court in the State case to have the one year sentence adjudged concurrent with that much of the federal sentence already received, but the order of conviction in the State court entered June 25, 1965, simply expressly reserved that question. The conviction was appealed and subsequently affirmed by our Supreme Court. *Graham v. State,* 218 Tenn. 453, 404 S.W.2d 475 (1966).

The question before us is whether or not a State sentence, wherein the record is si-

lent as to the judge's intentions, is concurrent as a matter of law with a federal sentence already imposed. We hold that it is not, and reverse the order of the trial court releasing the appellee.

This is a case of first impression in Tennessee. We have held that the sentence of an escapee from Tennessee was not concurrent as a matter of law with subsequently imposed California sentences served while a fugitive from Tennessee. *Carter v. State,* Tenn.Cr.App., 523 S.W.2d 639 (1975). A panel of this Court has decided, in the case of *Richard E. Eaker v. State,* filed at Knoxville on February 5, 1976, unpublished and cited by the appellee, that a trial judge can run a sentence concurrent with that of a foreign court by expressly doing so.

The question at bar is explicitly addressed in the last paragraph of Rule 31(e) of the proposed Rules of Criminal Procedure adopted by our Supreme Court on January 28, 1976, but not yet ratified by the Legislature, as follows:

> "If the defendant has additional sentences or portions thereof to serve, as the result of conviction in other states or in federal court, the sentence imposed shall be consecutive thereto unless the court shall determine in the exercise of its discretion that good cause exists to run the sentence concurrently and explicitly so orders."

We hold this to be the existing rule in Tennessee, there being no case law to the contrary, and it being in harmony with sound judicial administration.

It does not benefit the appellee that the trial judge never ruled upon the motion to run the sentences concurrently. The burden was upon counsel for Graham to obtain a favorable ruling; and, absent any ruling, the record is silent and the sentences are consecutive.

The writ of habeas corpus is quashed and the appellee is ordered returned to custody.

GALBREATH and DAUGHTREY, JJ., concur.