**STATE of Tennessee, Appellee,**

v.

**George William BRADY, Appellant.**

Court of Criminal Appeals of Tennessee at Knoxville.

Feb. 3, 1984.

Permission to Appeal Denied by Supreme Court May 29, 1984.

George William Brady, pro se.

William M. Leech, Jr., Atty. Gen. of Tenn., Jerry L. Smith, Asst. Atty. Gen. of Tenn., Nashville, Al Schmutzer, Jr., Dist. Atty. Gen., Sevierville, for appellant.

OPINION

DUNCAN, Judge.

The appellant, George William Brady, appeals the dismissal of his petition for writ of habeas corpus by the Sevier County Criminal Court.

The record shows that the appellant was convicted in June of 1977 in the United States District Court, Eastern District of Tennessee, of bank robbery involving the robbery of a federally insured bank in Sevier County, Tennessee, during the course of which four (4) individuals were murdered. Thereafter, in July of 1977, the State of Tennessee obtained temporary custody of the appellant from the federal authorities for the trial of state charges arising out of those murders. He was then convicted in the Sevier County Criminal Court of four (4) charges of first degree murder and four (4) charges of using a firearm in the commission of a felony.[1] His punishment was fixed at imprisonment in the penitentiary for ninety-nine (99) years for each murder offense plus five (5) years for each offense for using a firearm in committing the of-

---

1. The appellant's State convictions were affirmed by this Court in *Brady v. State,* 584 S.W.2d 245 (Tenn.Cr.App.1979).

fense. Judgments were entered by the state trial court on July 16, 1977. All of the appellant's state sentences were ordered to be served consecutively. After completion of these state proceedings, the appellant was returned to the custody of the federal authorities, and on August 12, 1977, the District Court imposed its judgment on the federal charge whereby the appellant was sentenced to the federal penitentiary for ninety-nine (99) years. Thereafter, the State placed detainers with the federal authorities so the appellant would be returned to state custody to serve his state sentences following the completion of his federal sentence. The appellant is currently incarcerated in a federal penitentiary.

The appellant asserted in his petition for writ of habeas corpus and now argues on appeal that after the completion of the state proceedings, his return by the State to the federal authorities constituted an implied pardon of his state convictions, and that therefore the state detainers now lodged against him should be dismissed. We find no merit to this contention and that the trial court correctly dismissed the appellant's petition as a matter of law, without an evidentiary hearing.

The appellant points out in his brief that the trial court's judgment on his convictions contains the phrase: "Sentence having been imposed, the execution of sentence will be carried out immediately." The appellant specifically argues that this phrase in the judgment operated to put his sentences into immediate effect, and that thereafter when the trial court released him back into the custody of the federal authorities, then Tennessee lost its right to have him later returned for the execution of his sentences.

Since the appellant was merely in temporary custody for the trial of his state cases, the trial court was obligated to return him to federal custody after his state trial. This the trial court did. The transcript of the appellant's original trial shows that after the trial judge pronounced the sentences, he said: "U.S. Marshall Bruce Montgomery take these two defendants (appellant and a codefendant) back in your custody."

We point out that under Tennessee law a defendant's sentence commences "on the day on which the defendant legally comes into the custody of the sheriff for execution of the judgment of imprisonment." T.C.A. § 40–23–101. Thus, the trial court's phrase in its judgment that the appellant's sentences would "be executed immediately" is mere surplusage because the appellant's sentences cannot be executed until he comes legally into the custody of the sheriff. And that event cannot take place until he is at sometime in the future released from federal custody back to the custody of the Tennessee authorities. The appellant's claim that Tennessee's release of him back into federal custody operated as an implied pardon of his offenses is analogous to a claim that our Court considered and rejected in *Carter v. State*, 600 S.W.2d 750 (Tenn.Cr.App.1980). In *Carter*, the defendant was imprisoned in Kentucky. He was extradited to Tennessee to stand trial on charges here. The extradition occurred pursuant to an executive agreement between the Governors of Kentucky and Tennessee whereby the defendant was to be returned to Kentucky to complete his sentence there following his trial in Tennessee. One of Carter's claims was that his return to Kentucky after his trial in Tennessee operated as an implied pardon of his Tennessee conviction. *Carter v. State, supra*, at 752–53. In rejecting this claim, we said:

We call attention to another line of cases which hold that the mere surrender of a prisoner to another jurisdiction does not imply a pardon, waiver, or commutation of sentence. *Stroble v. Egeler*, 547 F.2d 339 (6th Cir.1977); *Gaches v. Third Judicial District*, 416 F.Supp. 767 (W.D.Okl. 1976); *In re Patterson*, 64 Cal.2d 357, 49 Cal.Rptr. 801, 411 P.2d 897 (1966); *Armpriester v. Grimes*, 215 Ga. 429, 111 S.E.2d 34 (1959); *Bartlett v. Lowry*, 181 Ga. 526, 182 S.E. 850 (1935); *Riddall v. Cupp*, 13 Or.App. 284, 508 P.2d 457

(1973); *Bishop v. Cupp,* 7 Or.App. 349, 490 P.2d 524 (1971).

A general view expressed in most of these cases cited above is that a waiver or pardon will not be implied unless there is affirmative evidence in the record demonstrating such. There is nothing in the present record to show any intentional waiver or abandonment of interest in the appellant by the Tennessee authorities. In fact, the record affirmatively shows the contrary.

600 S.W.2d at 753.

There is nothing in the present record to suggest any intentional pardon, waiver or abandonment of interest in the appellant by the Tennessee authorities. In fact, the lodging of detainers against the appellant to return him to Tennessee after the completion of his federal sentence shows an intent to the contrary.

The judgment is affirmed.

WALKER, P.J., and SCOTT, J. concur.