Donald **MARTIN**

v.

**Tom SAMS, Sheriff, et al.**

No. CIV–2–84–33.

United States District Court,
E.D. Tennessee,
Northeastern Division.

Nov. 30, 1984.

Donald Martin, pro se.

Joe A. Tilson of Taylor, Tilson, Inman & Reams, Morristown, Tenn., for defendants.

MEMORANDUM AND ORDER

HULL, District Judge.

This is a *pro se* civil rights action. The plaintiff Donald Martin claims that his civil rights were violated on two separate occasions by the defendants' improper transfer of his person across state lines without valid extradition proceedings. Defendants, in their answer to the complaint, deny violating any of Mr. Martin's civil rights and move the Court to dismiss the complaint for failure to state a cause of action under 42 U.S.C. § 1983. Defendants, however,

did not file a legal brief to support the motion.

The action was scheduled to come before the Court for trial on Thursday, November 29, 1984, at 9:00 a.m. On the morning of November 29, 1984, at 8:30 a.m. defendants filed a trial brief in support of their motion to dismiss the complaint. Defendants were present when the case was called for trial. Plaintiff, however, despite prior notification of the trial date, failed to appear. The Court then proceeded to consider defendants' pending motion to dismiss, allowing defendants to submit evidence in support of the motion.

At the hearing on the motion, as well as in their trial brief, defendants asserted two grounds for dismissal of the complaint. Defendants' first contention was that provisions for extradition are not a protection of the right of the fugitive, but, rather, such provisions are designed for the benefit of the states. Therefore, it was defendants' contention that noncompliance with state extradition proceedings does not violate any federal right of a fugitive. Defendants' second contention was that even if noncompliance does give rise to a federal claim, in this instance, plaintiff's claim is barred because of his subsequent waiver of extradition and his subsequent conviction of the crime that he was allegedly unlawfully brought back for in the first place.

■ The United States Constitution authorizes the extradition of fugitives from justice,[1] and the authorization has been implemented by federal statute.[2] The procedures for extradition, however, are a matter of state law, and courts have disagreed whether noncompliance with such procedures results in a deprivation of a federal right cognizable under 42 U.S.C. § 1983. While some Courts have concluded that the

rights of fugitives are implicated in extradition proceedings,[3] other courts have taken the view that the federal constitutional and statutory provisions are not designed to protect fugitives but to facilitate interstate justice administration, and therefore a failure to comply with established procedures does not deprive the fugitive of any protected right.[4] The latter, is the position taken by the Court of Appeals for the Sixth Circuit in the case of *Stockwell v. Friberg,* 272 F.2d 386 (1959) (per curiam).

The Court in *Stockwell* stated:

The action of appellant was to recover damages for the alleged loss of his "constitutional rights while in the custody of the Toledo, Ohio, Police, and for the illegal procedures involved which brought about the illegal transportation of his person into the State of Michigan." He prayed an award of damages in the amount of Five Million Dollars ($5,000,000.00) and that the amount awarded by the jury be tripled and declared tax free.

We find no merit whatever in appellant's contention that his constitutional civil rights have been violated; and for the reasons stated in the opinion of United States District Judge Kloeb, we affirm his order dismissing the complaint with prejudice.[5]

The opinion of Judge Kloeb, however, was not published. Nonetheless, the Sixth Circuit apparently is aligned with the line of reasoning that improper extradition does not violate any federal rights, giving rise to a cause of action under Section 1983.

■ Regardless of this position, there is a line of federal cases which conclude that the conviction of a fugitive for the crime for which he was extradited bars any action that he might otherwise have under

1. U.S. CONST., art. IV, § 2, cl. 2.

2. 18 U.S.C. § 3182.

3. *Crumley v. Snead,* 620 F.2d 481 (5th Cir.1980); *Brown v. Nutsch,* 619 F.2d 758 (8th Cir.1980); *McBride v. Soos;* 594 F.2d 610 (7th Cir.1979); *Wirth v. Surles,* 562 F.2d 319 (4th Cir.1977), *cert.*

*denied,* 435 U.S. 933, 98 S.Ct. 1509, 55 L.Ed.2d 531 (1978).

4. *Siegel v. Edwards,* 566 F.2d 958 (5th Cir.1978); *Stockwell v. Friberg,* 272 F.2d 386 (6th Cir.1959) (per curiam).

5. 272 F.2d at 386.

Section 1983.[6] The Sixth Circuit, in its affirmation of *Crawford v. Lydick,* 179 F.Supp. 211 (W.D.Mich.1959), *aff'd,* 280 F.2d 426 (6th Cir.), *cert. denied,* 364 U.S. 849, 81 S.Ct. 93, 5 L.Ed.2d 72 (1960), seems to adopt this view that if a fugitive is subsequently convicted in a cause of action wherein due process is afforded him, then no cause of action can be sustained for an alleged violation of civil rights under Section 1983.

Thus, under the law of this Circuit, it is apparent that this Court is required to dismiss plaintiff's complaint for failure to state a federal claim under 42 U.S.C. § 1983. Additionally, the undisputed evidence before the Court shows that, in this instance, even though formal extradition procedures were not followed, plaintiff was taken into custody and transferred pursuant to an order prepared by plaintiff's attorney and signed by the judge for the Criminal Court of Hamblen County, Tennessee. Also undisputed in the record, 's the fact that plaintiff subsequently waived extradition and was subsequently convicted for the crime for which he was extradited wherein due process was afforded him. Therefore, even if plaintiff had stated a cognizable cause of action under Section 1983, this action is barred by his subsequent waiver and his subsequent conviction.

Accordingly, it is ORDERED that defendants' motion to dismiss is hereby GRANTED and that this action is hereby DISMISSED with prejudice.

---

**6.** *See* 45 A.L.R.Fed. 871 at 879 and 880 for a list of citations.