IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 26, 1999

## JOSEPH BEAUCAMP v. TENNESSEE BOARD OF PAROLES, ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 98-302-II    Ellen Hobbs Lyle, Chancellor**

---

**No. M1998-00960-COA-R3-CV -Filed December 5, 2001**

---

This appeal involves a dispute between a prisoner and the Tennessee Board of Paroles over the prisoner's right to sentence credits against his Tennessee conviction for time served in Arkansas penal institutions. After the Board declined to give him credit for this time, the prisoner filed a petition for common-law writ of certiorari in the Chancery Court for Davidson County asserting that the Board had acted illegally by refusing to abide by the terms of his Arkansas sentence. The trial court dismissed the petition, and the prisoner has appealed. We affirm the dismissal of the petition because Tennessee is not bound by the terms of the criminal sentences imposed by the courts of Arkansas.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

WILLIAM C. KOCH, JR., J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S., and WILLIAM B. CAIN, J., joined.

Joseph Beaucamp, Tiptonville, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; and Stephanie R. Reevers, Nashville, Tennessee, for the appellee, Tennessee Board of Paroles.

## OPINION

### I.

In 1991 Joseph Beaucamp was convicted of theft in Davidson County and was sentenced to eight years in prison. After his parole in September 1992, he started working as a long haul truck driver. In March 1995, Mr. Beaucamp violated his parole by becoming unemployed and by failing to report to his parole officer. Accordingly, the Tennessee Board of Paroles ("Board") promptly issued a warrant for Mr. Beaucamp. In August 1996, he was arrested in Conway, Arkansas after a routine inspection of his truck uncovered drug paraphernalia.

Following his arrest, Mr. Beaucamp was incarcerated in the Faulkner County jail while he awaited trial. He claims that he would have been able to make bond but that a bondsman told him that posting a bond would not secure his release because of the outstanding Tennessee parole violation warrant. Accordingly, Mr. Beaucamp remained in the Faulkner County jail until he was convicted of possessing illegal drug paraphernalia on January 27, 1997. The Criminal Court for Faulkner County sentenced Mr. Beaucamp to serve eighteen months in the Arkansas penal system. In its judgment and commitment order, the sentencing court expressly made Mr. Beaucamp's eighteen-month Arkansas sentence "concurrent with any sentence received on charges pending in Tennessee."

Thereafter, the Arkansas penal system notified the Board that Mr. Beaucamp was in their custody. In August 1997, Mr. Beaucamp was returned to the custody of the Tennessee Department of Correction. On September 23, 1997, following a hearing, the Board revoked Mr. Beaucamp's parole and unanimously determined that he would be required to serve the remainder of his Tennessee sentence. The Board also determined that Mr. Beaucamp would not receive any credit for the time between March 1995 when it issued the parole violation warrant and August 1997 when he was returned to Tennessee – including the time he was incarcerated in the Faulkner County jail and the Arkansas penal system.

Mr. Beaucamp unsuccessfully appealed the Board's decision. Ultimately he filed a petition for a common-law writ of certiorari in the Chancery Court for Davidson County. The trial court dismissed Mr. Beaucamp's petition in October 1998 after finding that he had failed to demonstrate that the Board had acted arbitrarily, fraudulently, or illegally in revoking his parole and setting the remainder of his time to be served. Mr. Beaucamp appeals.

## II.
### THE STANDARD OF REVIEW

Prisoners dissatisfied with one of the Board's decisions regarding parole may obtain judicial review of the decision using a petition for common-law writ of certiorari. However, the scope of review available with a common-law writ of certiorari is extremely limited. Courts may not (1) inquire into the intrinsic correctness of the Board's decisions, *Arnold v. Tennessee Bd. of Paroles*, 956 S.W.2d 478, 480 (Tenn. 1997); *Powell v. Parole Eligibility Review Bd.*, 879 S.W.2d 871, 873 (Tenn. Ct. App. 1994), (2) reweigh the evidence considered by the Board, *Watts v. Civil Serv. Bd.*, 606 S.W.2d 274, 277 (Tenn. 1980); *Hoover, Inc. v. Metropolitan Bd. of Zoning Appeals*, 924 S.W.2d 900, 904 (Tenn. Ct. App. 1996), or (3) substitute their judgment for the Board's. *421 Corp. v. Metropolitan Gov't*, 36 S.W.3d 469, 474 (Tenn. Ct. App. 2000). Rather, the writ permits the courts to examine the lower tribunal's decision to determine whether the tribunal exceeded its jurisdiction or acted illegally, fraudulently, or arbitrarily. *Turner v. Tennessee Bd. of Paroles*, 993 S.W.2d 78, 80 (Tenn. Ct. App. 1999); *Daniels v. Traughber*, 984 S.W.2d 918, 924 (Tenn. Ct. App. 1998); *South v. Tennessee Bd. of Paroles*, 946 S.W.2d 310, 311 (Tenn. Ct. App. 1996).

A common-law writ of certiorari is an extraordinary judicial remedy. *Robinson v. Traughber*, 13 S.W.3d 361, 364 (Tenn. Ct. App. 1999); *Fite v. State Bd. of Paroles*, 925 S.W.2d 543, 544 (Tenn. Ct. App. 1996). It is not available as a matter of right, *Boyce v. Williams*, 215 Tenn. 704, 713-14, 389 S.W.2d 272, 277 (1965); *Yokley v. State*, 632 S.W.2d 123, 127 (Tenn. Ct. App. 1981), but rather is addressed to the trial court's discretion. *Blackmon v. Tennessee Bd. of Paroles*, 29 S.W.3d 875, 878 (Tenn. Ct. App. 2000). Accordingly, decisions to grant or deny a common-law writ of certiorari are reviewed using the familiar "abuse of discretion" standard. *Robinson v. Traughber*, 13 S.W.3d at 364. Under this standard, a reviewing court should not reverse a trial court's discretionary decision unless it is based on a misapplication of controlling legal principles or a clearly erroneous assessment of the evidence, *Overstreet v. Shoney's, Inc.*, 4 S.W.3d 694, 709 (Tenn. Ct. App. 1999), or unless it affirmatively appears that the trial court's decision was against logic or reasoning, and caused an injustice or injury to the complaining party. *Marcus v. Marcus*, 993 S.W.2d 596, 601 (Tenn. 1999); *Douglas v. Estate of Robertson*, 876 S.W.2d 95, 97 (Tenn.1994).

### III.
#### THE SENTENCE CREDIT CLAIMS

Mr. Beaucamp does not take issue with the Board's decision to revoke his parole. Instead, he asserts that the Board acted illegally by ignoring the terms of his Arkansas sentence by requiring him to serve the full remainder of his sentence once it revoked his parole. In this appeal, Mr. Beaucamp insists that the Board should have given him credit for the time he spent in the Faulkner County jail awaiting trial and for the time he spent in the Arkansas penal system before he was returned to Tennessee.

#### A.
#### Credit For the Time Served in the Faulkner County Jail

Mr. Beaucamp asserts that he was forced to languish in the Faulkner County jail while awaiting trial in Arkansas because of the outstanding Tennessee parole violation warrant. Accordingly, he claims that his reinstated Tennessee sentence should have been reduced by the time he spent in the Faulkner County jail.

The Board unquestionably had the discretionary authority to credit the time Mr. Beaucamp spent in jail against his Tennessee sentence. When the Board revokes a parole, Tenn. Code Ann. § 40-28-122(a) (Supp. 2001) gives it the authority to allow all or part of the time the prisoner spent on parole to be treated as time served on the prisoner's sentence. However, there are two obvious reasons why the Board did not act illegally when it declined to give Mr. Beaucamp credit for the time he spent in the Faulkner County jail. First, he did not prove that he was being held solely because of the outstanding Tennessee parole violation warrant. Second, he had already received 173 days of credit against his Arkansas sentence for this time. Having already received credit for his jail time against his Arkansas sentence, Mr. Beaucamp is not entitled to "double dip" by insisting that he is also entitled to credit against his Tennessee sentence. *State v. Cavitt*, No. E1999-00304-CCA-R3-CD, 2000 WL 964941, at *2-3 (Tenn. Crim. App. July 13, 2000) (No Tenn. R. App. P. 11

application filed). Accordingly, the trial court correctly determined that the Board did not act illegally when it refused to credit Mr. Beaucamp's time in the Faulkner County jail against his Tennessee sentence.

**B.**
**Credit For the Time Served in the Arkansas Prison**

Mr. Beaucamp also asserts that the Board acted illegally by declining to allow him credit against his Tennessee sentence for the time he spent in the Arkansas penal system following his conviction. This claim is based on the provision in his Arkansas judgment stating that his eighteen-month Arkansas sentence would run concurrently with "any sentence received on charges pending in Tennessee." In Mr. Beaucamp's estimation, the judgment of the Faulkner County Criminal Court required the Board to reduce his Tennessee sentence by the amount of time he was incarcerated in the Arkansas penal system before he was returned to Tennessee.

When a person is convicted of two or more offenses carrying with them terms of imprisonment, the trial court may, in its discretion, order that the sentences for the later offenses run concurrently with the sentence for the first conviction. Tenn. Code Ann. § 40-20-111(a)(1997). Concurrent sentences permit the prisoner to serve more than one sentence at the same time. While the sentences remain separate, they are considered as running simultaneously during the overlapping period that both are in effect.

Crime does not stand still any more than people stand still. Accordingly, criminals frequently commit crimes in more than one jurisdiction and, upon conviction, may be sentenced to imprisonment in more than one jurisdiction. When a criminal sentence is imposed on someone already subject to another sentence in either a different state or in the federal system, the sentencing court has discretion to run its sentence concurrently with or consecutively to the prior sentence. 4 Charles E. Torcia, *Wharton's Criminal Procedure* § 559, at 660 (13th ed. 1992). That is precisely what happened to Mr. Beaucamp.

Mr. Beaucamp anticipated that he would be returned to Tennessee immediately following his conviction in Arkansas and that he would satisfy his Arkansas sentence while he was serving the remainder of his Tennessee sentence. His later expectation was well-founded because the sentencing court in Arkansas had ordered that his Arkansas sentence would be served concurrently with any sentence received on charges pending in Tennessee. However, his expectation that he would be returned immediately to Tennessee had a less reliable foundation. The only evidence Mr. Beaucamp offered was his self-serving testimony that his Arkansas lawyer told him that he would spend only three days in the Arkansas classification unit and would then be transferred to Tennessee.

Mr. Beaucamp's claim that he is entitled to credit for the seven months he was incarcerated in the Arkansas penal system between his conviction and his return to Tennessee fails for two reasons. First, the purported representation by his criminal defense lawyer is not binding on the State of Tennessee. Second, the Arkansas court had no authority to dictate how or how long Mr.

Beaucamp would serve the remainder of his Tennessee sentence.[1]  For the purposes of Tennessee law, Mr. Beaucamp's Arkansas sentence and his existing Tennessee sentence were deemed to run consecutively, not concurrently.  *State v. Graham*, 544 S.W.2d 921, 922 (Tenn. Crim. App. 1976).  Nothing decreed by the Arkansas court could affect that principle.  Accordingly, the Board did not act illegally or arbitrarily by refusing to credit the time Mr. Beaucamp spent in the Arkansas penal system against his unexpired Tennessee sentence.  For Tennessee's purposes, the two sentences were not running concurrently.

## IV.

We affirm the trial court's dismissal of Mr. Beaucamp's certiorari petition.  We tax the costs of this appeal to Joseph Beaucamp for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., JUDGE

---

[1]We do not believe that the Arkansas court was attempting to exert control over the remaining portion of Mr. Beaucamp's Tennessee sentence.  The courts of Arkansas, like the courts of this state, fully understand that their power extends only to the territorial limits of the state in which they were established and that any attempt of a state court to extend its power beyond those limits is a nullity.  *Pennoyer v. Neff*, 95 U.S. 714, 719 (1887), *overruled in part on other grounds*, *Shaffer v. Heitner*, 433 U.S. 186, 97 S. Ct. 2569 (1977);*Goodman v. State*, 240 S.W. 735, 736 (Ark. 1922); *Dickson v. Simpson*, 172 Tenn. 680, 688, 113 S.W.2d 1190, 1193 (1938).