# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### October 26, 2004 Session

## WILLIAM YELTON v. DAVID MILLS, WARDEN & STATE OF TENNESSEE

**Appeal from the Criminal Court for Morgan County**
**No. 8839   E. Eugene Eblen, Judge**

---

**No. E2004-00383-CCA-R3-HC - Filed February 11, 2005**

---

In 1992, the petitioner, William T. Yelton, was found guilty by a jury of theft of property, two counts of coercion of a witness, fabricating evidence and harassment. As a result, he was sentenced to an effective twenty-one-year sentence. After his convictions in Tennessee, the petitioner was sent to Alabama presumably to serve time on a life sentence from which he had previously been paroled in that state. Six years later, the petitioner was returned to prison in Tennessee. In 2001, he filed a pro se petition for habeas corpus relief alleging that he was unlawfully detained on an expired/pardoned sentence. The petitioner filed a second petition in January of 2004. The trial court denied the second petition after an evidentiary hearing. On appeal, the petitioner challenges the trial court's denial of the petition for habeas corpus relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which ALAN E. GLENN and J. C. MCLIN, JJ., joined.

Susanne Bales, Knoxville, Tennessee, for the appellant, William Yelton.

Paul G. Summers, Attorney General & Reporter; Seth P. Kestner, Assistant Attorney General; J. Scott McCluen, District Attorney General; and Roger Delp, Assistant District Attorney, for the appellee, State of Tennessee.

# OPINION

## Factual Background

In 1971, the petitioner was convicted of first degree murder and sentenced to life in prison in Butler County, Alabama. In October of 1987, the petitioner was paroled from his Alabama sentence.

On November 11, 1991, the petitioner was charged in Bedford County, Tennessee, with theft of property, two counts of coercion of a witness, fabricating evidence, and harassment. After a jury trial, the petitioner was convicted of all offenses and ordered to serve an effective twenty-one-year sentence. The trial court ordered that the sentence be served consecutively to the Alabama sentence.

The petitioner commenced service of his sentence at the time of his arrest and remained incarcerated in Tennessee on these offenses until April 8, 1992, at which time he was transferred to custody of the state of Alabama. The petitioner remained incarcerated in Alabama from April of 1992 to May 4, 1998, when the Alabama State Board of Pardons and Paroles issued an "Order of Conditional Transfer and Detainer." The Alabama Order specified that the petitioner was to complete his Tennessee sentence prior to completing his life sentence in Alabama. The petitioner has been incarcerated in Tennessee since that time.

In September of 2001, the petitioner filed a pro se petition for habeas corpus relief, arguing that he was being "unlawfully detained on an expired/pardoned sentence and void sentence in violation of the United States and Tennessee Constitution." Subsequently, the petitioner filed a motion to withdraw the petition without prejudice. The trial court granted the motion.

In October of 2002, the trial court held a hearing on a motion filed by the petitioner to reopen the petition for writ of habeas corpus. The trial court granted the motion and set a hearing date on the petition. At the hearing, the petitioner testified that the following happened:

> [T]hey said the penitentiaries and jails up here was [sic] crowded, and they was [sic] going to get rid of me as soon as possible. And they put [me] in a car and hauled me to Alabama, hauled me to a drugstore there and called the Department of Correction to come pick me up. And they picked me up and left me there six years. Then Tennessee drove back down there and picked me up and brought me back up here.

At the hearing, the petitioner maintained that Tennessee acted illegally by sending him to Alabama after he was sentenced in Tennessee, holding him in Alabama for six years and then bringing him back to Tennessee to start serving his sentence. The Tennessee Offender Management Information System (TOMIS) Offender Sentence Letter introduced at the hearing lists the petitioner's sentence effective date as December 6, 1997, his release eligibility date as March 29,

2003, and his full expiration date as November 11, 2018. The exhibit also indicates that the petitioner has accumulated 400 behavior credits, 313 program credits, 150 pretrial jail credits, and 32 pretrial behavior credits on his conviction for tampering with evidence, a nine-year sentence ordered to be served consecutively to the theft of property conviction and consecutive to the two convictions for coercion of a witness.[1]

After hearing the evidence, the trial court denied the petition for relief. The petitioner filed a timely notice of appeal. On appeal, the petitioner challenges the trial court's dismissal of the petition.

Analysis

On appeal, the petitioner complains that his Tennessee judgments of conviction are void. Specifically, he argues that the convictions became void when Tennessee sent him to the State of Alabama on April 8, 1992, because Tennessee relinquished all custody and right to him once he was sent to Alabama. Essentially, the petitioner argues that Tennessee's actions constituted an "implied pardon" of his convictions and that the State of Tennessee effectively waived jurisdiction over him by releasing him to Alabama without a detainer, thus requiring him to finish his state sentence. He claims that because the State of Tennessee is without jurisdiction over him, habeas corpus relief is warranted. The State argues that the petitioner "has neither offered competent proof that his sentence is void or expired, nor that the time he served in Alabama was for anything but violating the terms of parole on his life sentence in Alabama."

The Tennessee Supreme Court has explained the very limited scope of habeas corpus relief in Tennessee, as follows:

> Habeas corpus relief is available in Tennessee only when "it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered" that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired.

Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). This Court has stated that "[i]f the court rendering a judgment has jurisdiction of the person, the subject-matter, and has the authority to make the challenged judgment, the judgment is voidable, not void; and the judgment may not be collaterally attacked in a suit for habeas corpus relief." Passarella v. State, 891 S.W.2d 691, 627 (Tenn. Crim. App. 1994).

A trial court is not required, as a matter or law, to grant the writ and conduct an inquiry into the allegations contained in the petition. See Tenn. Code Ann. § 29-21-109; Passarella, 891 S.W.2d at 672. If the petition fails to state a cognizable claim, the petition may be dismissed by the trial

---

[1]The coercion of witness convictions were ordered to be served concurrently to each other.

court summarily. See State ex rel. Byrd v. Bomar, 214 Tenn. 476, 381 S.W.2d 280 (1964); Tenn. Code Ann. § 29-21-109. The statute provides in part: "[i]f from the showing of the petitioner, the plaintiff would not be entitled to any relief, the writ may be refused . . . ." Tenn. Code Ann. § 29-21-109.

The petitioner has the burden of establishing either a void judgment or an illegal confinement by a preponderance of the evidence. Passarella, 891 S.W.2d at 627. If he successfully carries the burden, the petitioner is entitled to immediate release. Id.

First, the petitioner herein claims that his sentence is expired under the rationale of State v. Walker, 905 S.W.2d 554 (Tenn. 1995), because the "unjustified delay in requiring . . . [the petitioner] to serve his sentence has resulted in [the] expiration of the first of his sentences." Specifically, the petitioner claims that the first portion of his Tennessee sentence expired while he was incarcerated in Alabama and that he should receive habeas corpus relief.

In Walker, defendants Walker and Love pled guilty in the Madison County Circuit Court to the offense of driving under the influence and received sentences of eleven (11) months and twenty-nine (29) days incarceration in the county jail. Id. at 555. The trial court suspended all but twenty days of each defendant's sentence. Id. However, when Walker and Love reported to the Madison County Jail, they were turned away due to overcrowding. Id. Two years following his conviction, Walker was notified by the Madison County Sheriff's Department to report to the jail to commence service of his sentence. Id. Love received a similar notice more than one year following his conviction. Id. Both defendants filed petitions for post-conviction relief, which the trial court treated as petitions for a writ of habeas corpus. Id. Our supreme court, interpreting several Tennessee statutes, held that "[w]here persons under a criminal sentence immediately present themselves to the appropriate authorities for incarceration and are turned away the sentence in each case shall begin to run when the judgment of conviction becomes final or the prisoner is actually incarcerated whichever is earlier." Id. at 557. Accordingly, the court concluded that the defendants' sentences had expired and granted the requested relief. Id.

Under the rule announced in Walker, it initially appears that a portion of the petitioner's sentence in this case has expired. However, the court in Walker further held that this rule would be prospective only, applying to cases tried or retried after the date of the opinion in Walker and to cases then on appeal in which the issue had already been raised. Id. We are bound by the decision of our supreme court in this respect and, because the petitioner was tried in Tennessee in 1992, cannot apply the above rule in this case. Rather, we must apply this court's interpretation of Tennessee statutes prior to Walker. According to our earlier interpretation, a sentence commenced on the day a defendant legally came into the custody of the sheriff for the execution of a judgment of imprisonment. Wilson v. State, 882 S.W.2d 361, 364 (Tenn. Crim. App. 1994) (citing Tenn. Code Ann. § 40-23-101). See also, e.g., State v. Terry McMahan, No. 03C01-9310-CR-00333, 1994 WL 521228 (Tenn. Crim. App. at Knoxville, September 22, 1994); Jackie Joyce Brown v. Tom Guider, No. 03C01-9310-CR-00346, 1994 WL 142661 (Tenn. Crim. App. at Knoxville, April 22,

-4-

1994). According to that interpretation, the petitioner's sentence has not expired, and he is not entitled to habeas corpus relief.

Next, the petitioner claims that the State of Tennessee is without jurisdiction over him. In support of his argument, the petitioner cites State v. Grosch, 152 S.W.2d 239 (Tenn. 1941), for the proposition that a state waives jurisdiction over a prisoner by releasing the prisoner to another state's jurisdiction for prosecution of service of a sentence. In Johns v. Bowlen, 942 S.W.2d 544 (Tenn. Crim. App. 1996), a panel of this Court stated the following:

> In Grosch, the Tennessee Supreme court held that when a fugitive from justice faces criminal charges in the asylum state, the asylum state may dispose of those charges before honoring the extradition request of the demanding state. Id. at 243. The court further held that the asylum state may nevertheless choose to immediately honor the requisition and surrender the fugitive to the demanding state. Id. at 244. This decision rests with the governor of the asylum state. Id. See Yates v. Gilless, 841 S.W.2d 332, 335 (Tenn. Crim. App. 1992) (if criminal charges are pending in Tennessee, it is solely within the governor's discretion to opt to deliver a fugitive to a demanding state immediately or to delay delivery until after the Tennessee charges are resolved). Finally, the court in Grosch observed, "such surrender will operate as a waiver of jurisdiction of the asylum state." 152 S.W.2d at 244 [quoting People v. Klinger, 319 Ill. 275, 149 N.E. 799, 42 A.L.R. 581]; State v. Bomar, 366 S.W.2d 750, 751 (Tenn. 1963).

Johns, 942 S.W.2d at 546. We fail to see how Grosch applies to the case herein. The petitioner was tried and convicted in Tennessee prior to being sent to Alabama. Further, the petitioner acknowledges that, in the cases since Grosch, Tennessee courts have specified that extradition alone will not entitle a defendant to relief. There must be proof in the record of an "intentional pardon, waiver or abandonment of interest." State v. Brady, 671 S.W.2d 863, 865 (Tenn. Crim. App. 1984). The petitioner has provided no proof herein, other than his own testimony, that there was an intentional pardon, waiver or abandonment of interest by the State of Tennessee when he was relinquished to the Alabama authorities. A petitioner's testimony at a habeas corpus proceeding that is proof beyond the face of the record or judgments may not be considered by the trial court. See Robert L. Clark, Jr. v. State of Tennessee, E2004-00248-CCA-R3-HC, 2004 WL 1659879, at *2 (Tenn. Crim. App. at Knoxville, July 26, 2004). There is no proof, beyond the petitioner's own statements, in the record that specifies why the petitioner was sent to Alabama. Again, it is the petitioner's burden to establish either a void judgment or an illegal confinement by a preponderance of the evidence. Passarella, 891 S.W.2d at 627[2].

---

[2]While in the instant case the petitioner has been unable to sustain his burden of proving an implied pardon, state authorities would be well-advised always to utilize and document legally acceptable methods of interstate rendition.

While the record herein contains no evidence of formal extradition proceedings, we note that the Extradition Clause of the United States Constitution sets forth the duty of states to extradite fugitives from justice:

> A person charged in any state with treason, felony, or other crime, who shall flee from justice, and be found in another state, shall on demand of the executive authority of the state from which he fled, be delivered up, to be removed to the state having jurisdiction of the crime.

U.S. Const. art. IV, sec. 2, cl. 2. The Extradition Clause has been implemented by a federal statute, 18 U.S.C. section 3182, and by the Uniform Criminal Extradition Act. Coungeris v. Sheahan, 11 F.3d 726, 728 (7th Cir. 1993) (citing Michigan v. Doran, 439 U.S. 282 (1978)). The Uniform Criminal Extradition Act, where adopted, governs state extradition proceedings, in conjunction with overriding federal law. Id.; see also Martin v. Sams, 600 F. Supp. 71, 72 (E.D. Tenn. 1984). Tennessee has adopted the uniform act, Tennessee Code Annotated sections 40-9-101 to -130, which specifically provides:

> Nothing in this chapter shall be deemed to constitute a waiver by this state of its right, power or privilege to try such demanded person for crime committed within this state, or of its right, power or privilege to regain custody of such person by extradition proceedings or otherwise for the purpose of trial, sentence or punishment for any crime committed within this state, nor shall any proceedings had under this chapter which result in, or fail to result in, extradition be deemed a waiver by this state of any of its rights, privileges or jurisdiction in any way whatsoever.

Tenn. Code Ann. § 40-9-130(a)(emphasis added). Moreover, Tennessee Code Annotated section 40-9-130(b) provides that, even when there are criminal proceedings pending against a fugitive in Tennessee, the governor may extradite the fugitive "before the conclusion of such proceedings or his term of sentence in this state" without waiving the jurisdiction of Tennessee in any way. See Carter v. State, 600 S.W.2d 750, 752-53 (Tenn. Crim. App. 1980); see also In re Extradition of Dixon, 487 So. 2d 1195 1197 (Fla. Dist. Ct. App. 1986) (under the Uniform Criminal Extradition Act, surrender of the fugitive to the demanding state does not amount to a waiver of Florida's right to exercise jurisdiction over him in the future). In other words, under the Extradition Act, the governor of this state never waives jurisdiction over the accused by entering into any extradition proceeding.

We also note a line of cases holding that the mere surrender of a prisoner to another jurisdiction does not imply a pardon, waiver, or commutation of a sentence. See Strobel v. Egeler, 547 F.2d 339 (6th Cir. 1977); Gaches v. Third Judicial District, 416 F. Supp. 767 (W.D. Okla. 1976); In re Patterson, 411 P.2d 897 (Cal. 1966); Armpriester v. Grimes, 111 S.E.2d 34 (Ga. 1959); Bartlett v. Lowry, 182 S.E.850 (Ga. 1935); Riddall v. Cupp, 508 P.2d 457 (Or. Cr. App. 1973); Bishop v. Bupp, 490 P.2d 524 (Or. Ct. App. 1971); Carter v. State, 600 S.W.2d 750 (Tenn. Crim. App. 1980); Brady, 671 S.W.2d at 864-65; Tommy Wayne Simpson v. State, No. E2000-02993-CCA-R3-CD,

2001 WL 1543470 (Tenn. Crim. App. at Knoxville, Dec. 4, 2001). These cases reveal that a waiver or pardon will not be implied unless there is affirmative evidence in the record demonstrating such. Nothing in the record before this Court reflects an intentional waiver or abandonment of interest in the petitioner by the State of Tennessee. The petitioner has failed to show that by a preponderance of the evidence that he is entitled to habeas corpus relief.

Conclusion


We conclude that there was no waiver of jurisdiction over the petitioner and that the State of Tennessee was neither without jurisdiction over the petitioner, nor that it ever surrendered jurisdiction. Accordingly, we affirm the trial court's denial of the writ of habeas corpus.


_____
JERRY L. SMITH, JUDGE