# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs June 1, 2010

## GEORGE BRADY v. TENNESSEE DEPARTMENT OF CORRECTIONS

**Appeal from the Chancery Court for Davidson County**
**No. 08-1136-1     Claudia C. Bonnyman, Chancellor**

---

**No. M2009-02387-COA-R3-CV - Filed July 2, 2010**

---

In 1977, the appellant was found guilty of armed robbery and the murder of four individuals. He was sentenced in state court to four consecutive ninety-nine year terms for the murders, and was subsequently sentenced in federal court to ninety-nine years for the bank robbery. He served thirty years in federal prison and was turned over to state authorities in 2007 to begin serving his state sentences. He sought a declaratory judgment that the state sentences were to run concurrently with the federal sentence and that, as a consequence of serving his federal sentence, he was immediately eligible for parole consideration on the state court sentences. The trial court found that the state court sentences ran consecutively to the federal sentence and granted the appellee's motion for summary judgment. Finding no error, the trial court's judgment is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, P.J., M.S. and FRANK G. CLEMENT, JR., J., joined.

George William Brady, Mountain City, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter, Michael Moore, Solicitor General, Pamela S. Lorch, Senior Counsel, for the appellee, Tennessee Department of Corrections.

## OPINION

## I.     Background

The appellant, George Brady, was convicted of bank robbery in the United States District Court for the Eastern District of Tennessee in June of 1977; he was not sentenced until August 12, 1977. In July of 1977 the State of Tennessee obtained temporary custody

of Mr. Brady for the purpose of prosecuting him for the murders of four persons killed in the robbery. On July 16, 1977, he was convicted of four counts of first degree murder and was sentenced to ninety-nine years on each count, with the sentences to be served consecutively. The state court judgment did not specify whether the state sentences were to run consecutively to or concurrently with the federal sentence, which had not yet been imposed. Following the state court proceedings, Mr. Brady was returned to federal custody and, on August 12, 1977, was sentenced to ninety-nine years on the bank robbery conviction.

The federal court judgment provided:

This sentence is to run independently of and not concurrently with any sentence or sentences previously or hereafter imposed upon defendant by this court or any other court. If any such sentence has been heretofore or may be hereafter imposed upon said defendant, the within sentence and any other such sentence or sentences shall run consecutively unless one or more of all of such sentences are imposed to run concurrently in whole or in part with the within sentence.

Mr. Brady served his federal sentence, was released from federal custody and arrived at Northeast Correctional Facility in Mountain City, Tennessee, on April 9, 2007, to begin serving his state sentence. At some point prior to May 1, 2008, Mr. Brady filed a petition for a declaratory order with the Tennessee Department of Correction ("TDOC"); although the record before us does not detail the relief sought or the basis therefor, on May 1, 2008, Mr. Brady was sent a letter from the Office of the General Counsel of TDOC advising as follows:

Sentence Management confirmed that your Tennessee sentences were ordered to be served consecutive to your federal sentences. The Department is required to obey the judgment order. When you become eligible for parole the Department will notify the Tennessee Board of Probation and Parole. Based on the information above, respectfully, your petition is denied.

On May 21, 2008, Mr. Brady filed a petition for declaratory judgment in the Chancery Court for Davidson County alleging that "during that time [the thirty years spent serving the federal sentence], the clock has been ticking on his State time, as well" and seeking an order to allow him to be brought before the Board of Paroles for immediate parole consideration. In his petition, Mr. Brady asserted that, because the 1977 state court judgment of conviction provided that "the execution of sentence is to be carried out immediately," the time spent in

federal custody should be credited against the sentence imposed by the state court and, as a consequence, he was immediately eligible for parole consideration.[1]

TDOC answered the petition and simultaneously filed a motion for summary judgment in which it contended that Mr. Beard's state sentence was calculated as consecutive to the federal sentence in accordance with Tenn. R. Crim P. 32(c). In support of the motion, TDOC submitted the affidavit of Ms. Whisman, as well as a Statement of Undisputed Material Facts. In response to the motion, Mr. Brady filed a brief along with an unverified excerpt from the transcript of his federal sentencing hearing. In the initial order on the motion, the trial court discussed the contentions of the parties regarding the calculation of Mr. Brady's sentence and resulting parole eligibility date and requested additional briefing from the parties specifically addressing the extent and manner to which Tenn. R. Crim P. 32(c) applied in light of the fact that Mr. Brady's federal sentence was imposed after the state sentence.

Following additional briefing from the parties, the court entered an order finding that Mr. Brady's state sentences did not begin to run until his release from federal custody, that TDOC's calculation of sentence and parole eligibility date was correct, and that Mr. Brady was not entitled to receive credit for the time spent in federal prison; the court granted TDOC's motion. Mr. Brady appeals.

## II.     Scope of Review

This case was resolved in the trial court upon the TDOC's motion for summary judgment, which is an appropriate vehicle for resolution of a case if no genuine issues of material fact exist and the movant meets its burden of proving that it is entitled to a judgment as a matter of law. *See* Tenn. R. Civ. P. 56.03; *Martin v. Norfolk Southern Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008). Neither party contends on appeal that there are genuine issues of fact which preclude summary judgment and our review of the record shows none. Our review of the trial court's conclusions of law is *de novo* with no presumption of correctness afforded to the trial court's decision. *See Kaplan v. Bugalla,* 188 S.W.3d 632, 635 (Tenn. 2006).

---

[1] As set forth in the affidavit of Ms. Candace Whisman, Director of Sentence Management Services for TDOC, because Mr. Brady began serving the sentence imposed by state court on April 9, 2007, his parole eligibility date is April 9, 2037. It is Mr. Brady's contention that, since he began serving his federal sentence in 1977 and served over thirty years, if the time spent in federal custody was credited towards his state sentence he would be immediately eligible for parole.

## III.    Analysis

Mr. Brady contends that the state sentences should run concurrently with the federal sentence because the state court judgment declared that his sentence was to be carried out "immediately" and because, at the time the judgment was entered, the court was aware of Mr. Brady's federal conviction, that he would be returned to federal custody to be sentenced, and that he would begin serving his federal sentence. He argues that this manifests the state's intent that his sentence was to run concurrently with his upcoming federal sentence.

Mr. Brady made a similar contention in *State v. Brady*, 671 S.W.2d 863 (Tenn. Crim. App. 1984), a habeas corpus proceeding, in which he argued that his return to federal authorities following the state proceedings in July 1977 constituted an implied pardon of his state convictions and that, consequently, state detainers which had been placed with the federal authorities should be dismissed. The Court of Criminal Appeals found that the phrase in the judgment that the execution of the sentence was to be carried out "immediately" was "mere surplusage" inasmuch as the state sentence could not be executed until he was in state custody. *Id.* at 864 (citing Tenn. Code Ann. § 40-23-101). While that decision is not binding on this court, we agree with the holding that the language in the judgment did not suggest or constitute an intentional pardon, waiver or abandonment of the sentence imposed on Mr. Brady by the Tennessee court.

With respect to the issues Mr. Brady raises in this case, we fail to see any support in the record or, indeed, authority in the law for the proposition that the sentence imposed in state court ran concurrently with the sentence imposed in federal court. As a general proposition, the last sentencing court has the responsibility to determine whether a sentence should be served consecutively. *State v. Arnold*, 824 S.W.2d 176, 178 (Tenn. Crim. App. 1991). Tenn. Code Ann. § 40-20-111(a) provides that imposition of sentences is to occur in a progressive manner, with successive sentences to be determined in the discretion of the trial judge to be served consecutively or concurrently to the sentence previously imposed.[2] The facts of this case are that Mr. Brady was convicted in federal court, convicted and sentenced in state court, then sentenced on the federal conviction. The federal court judgment provided that its sentence was to run independently of and consecutively to any previously imposed sentence unless the previously imposed sentence was "imposed" to run concurrently with the federal sentence.

The fact that the state court judgment was silent as to whether the sentence it imposed was to run concurrently with or consecutively to the federal sentence does not support the conclusion, as a matter of law, that the sentences were to be concurrent. *See State v.*

---

[2] At the time of Mr. Brady's conviction, this statute was codified as Tenn. Code Ann. § 40-2711.

*Graham,* 544 S.W.2d 921 (Tenn. Crim. App. 1976).[3] At the time of the state court conviction, there was no previously imposed sentence and, consequently, the state could not make a pronouncement as to whether its sentence was to run consecutive or concurrent. *See Thompson v. State,* 565 S.W.2d 889 (Tenn. Crim. App. 1977) (holding that, consistent, with Tenn. Code Ann. § 40-2711, a trial court cannot order a sentence to be consecutive to a sentence to be imposed *in futuro*). The record shows that the federal court, being the second sentencing court, made the determination that the sentence it imposed was to run independently of and consecutive to the sentence previously imposed in state court. Thus, the imposition of the sentence in federal court was in accord with Tennessee law and procedure.

Likewise, the fact that, at the time Mr. Brady was convicted in state court in 1977, he had been released temporarily from federal custody had no effect on whether his state and federal sentences ran concurrently or consecutively, since he was not released for purposes of serving the state sentence. As noted by the Court of Criminal Appeals in *State v. Brady*, *supra.,* a sentence does not begin to run until the individual comes into state custody for the purpose of serving the state sentence. *See* Tenn Code. Ann 40-23-101(a). Thus, Mr. Brady's state sentence did not begin to run until April 9, 2007.

## IV.     Conclusion

For the reasons set forth above, the trial court's judgment is AFFIRMED.

---

RICHARD H. DINKINS, JUDGE

---

[3]

"The question before us is whether or not a State sentence, wherein the record is silent as to the judge's intentions, is concurrent *as a matter of law* with a federal sentence already imposed. We hold that it is not ...".

*State v. Graham,* 544 S.W.2d at 921-22 (emphasis added). The court in *Graham* also held that the language of Rule 31(e) of the proposed Rules of Criminal Procedure, which were adopted by the Tennessee Supreme Court in January of 1976 but had not been ratified by the Legislature, was "the existing rule in Tennessee." *Id.* at 922. This language subsequently became the existing Rule 32(c)(2)(B) of the Tennessee Rules of Criminal Procedure.