# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### August 2000 Session

## JOSEPH T. FAULKNER v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-21050, Carolyn Wade Blackett, Judge**

---

**No. W1999-00223-CCA-R3-PC - Decided October 17, 2000**

---

The appellant presents this appeal following dismissal of his petition for post-conviction relief. Faulkner entered guilty pleas to one count of aggravated rape and three counts of aggravated robbery in the Shelby County Criminal Court. Pursuant to his negotiated plea agreement, the appellant was sentenced to an effective sentence of twenty-five years. The plea agreement further provided that his state sentences were to be served concurrently with outstanding federal sentences and that all sentences would be served in federal custody. After pleading guilty to the state charges, the federal government refused to accept Faulkner into federal custody. Faulkner now asserts that his trial counsel was ineffective for providing erroneous advice and, as a result, his guilty pleas were not knowingly and voluntarily entered. Based upon the unfulfilled bargain of his negotiated plea agreement, he asks that his guilty pleas be set aside and that his case be remanded for trial or other appropriate relief. The State concedes that Faulkner is entitled to post-conviction relief. Finding Faulkner's request for post-conviction relief meritorious, we reverse the judgment of the post-conviction court and remand to the Shelby County Criminal Court for further proceedings.

**Tenn. R. App. P. 3; Judgment of the Criminal Court is reversed; remanded.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., J. and JOHN EVERETT WILLIAMS, J., joined.

Robert B. Gaia, Memphis, Tennessee (on appeal) and Mark Faulks, Memphis, Tennessee (at post-conviction hearing), for the appellant, Joseph T. Faulkner.

Paul G. Summers, Attorney General and Reporter, Michael Moore, Solicitor General, Kim R. Helper, Assistant Attorney General, William L. Gibbons, District Attorney General, and Betty Carnesale, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On June 30, 1998, the appellant, Joseph T. Faulkner, also known as "Jerry Faulkner," entered guilty pleas to one count of aggravated rape and three counts of aggravated robbery in the Shelby County Criminal Court. The negotiated plea agreement provided that the appellant would serve an effective twenty-five year sentence[1] to be served concurrently with his federal sentence imposed pursuant to his guilty plea under federal indictment No. CR-97-20098-G.[2] The judgment forms reflect that the appellant's state sentences were "to be served in federal custody." The appellant is currently serving a TDOC sentence at the Hardeman County Correctional Facility, a state facility. He has never been released to federal custody.

Relying upon the fact that he remains in state custody, the appellant filed a petition for post-conviction relief alleging that his guilty pleas were not knowingly and voluntarily entered. He argues, in effect, that his bargained for concurrent state and federal sentences have become consecutive by the federal government's refusal to accept him into their custody. The post-conviction court denied the appellant relief, finding that the appellant "has presented no evidence to support [his] allegation" that "the State refused to release him to federal authorities or that federal authorities in fact requested the State to release him to their custody." The court further found that "the State has no authority under the Supremacy Clause of the Federal Constitution to either require federal authorities to take possession of Petitioner or guarantee Petitioner's sentence will be served in federal custody." The appellant now appeals these findings.

The record before us demonstrates that the appellant's pleas were not knowingly and voluntarily entered. Thus, the appellant is entitled to post-conviction relief from his 1998 convictions. Accordingly, we reverse the judgment of the post-conviction court and remand to the Shelby County Criminal Court for further proceedings.

**Background**

At the hearing on the petition for post-conviction relief, both the appellant and trial counsel testified that the intent of the plea agreement was to permit the appellant to serve his state time concurrent with his federal time in federal custody. Defense counsel explained that the state cases were continued in order to ensure that the appellant's federal case would be disposed of first, thus, ensuring that the state sentences would be served concurrently with the federal sentence. The appellant stated that, although he was briefly transferred to federal custody, the correctional officials

---

[1] The plea agreement provided that the appellant would receive a sentence of twenty-five years for the conviction of aggravated rape and ten years for each count of aggravated robbery.

[2] Although not revealed in the technical record, the transcript of the post-conviction evidentiary hearing indicates that the federal indictment charged the appellant with several bank robberies. The transcript further reveals that, pursuant to his subsequent plea to these charges, the appellant received "about the same amount of time as he got in the state case," which resulted in an effective twenty-five year sentence for both state and federal convictions.

refused to accept him as a federal prisoner and he was returned to state custody. Defense counsel corroborated the appellant's testimony that he remained in state custody.

## Analysis

A trial court's findings of fact in a post-conviction hearing are conclusive on appeal unless the evidence in the record preponderates against those findings. See Henley v. State, 960 S.W.2d 572, 578-579 (Tenn. 1997); Clenny v. State, 576 S.W.2d 12, 14 (Tenn. Crim. App. 1978), cert. denied, 441 U.S. 947, 99 S.Ct. 21780 (1979). The appellant asserts and the State concedes that the evidence at the post-conviction hearing preponderates against the post-conviction court's findings. Furthermore, both parties agree that the decision of this court in Derrick E. Means v. State, No. 02C01-9707-CR-00248 (Tenn. Crim. App. at Jackson, Aug. 13, 1998) (*per curiam)*, controls the outcome of this proceeding.

In Derrick E. Means v. State, this court was presented with circumstances virtually identical to those presently before this panel. As in the present case, Defendant Means entered guilty pleas pursuant to a negotiated plea agreement which provided that all of Defendant Means' sentences would be served concurrently with one another and concurrently with a prior federal sentence. Derrick E. Means v. State, No. 02C01-9707-CR-00248. The agreement further provided that his sentences were to be served in federal custody. Federal authorities subsequently refused to accept Defendant Means into federal custody to commence service of his sentences.[3] Id. Defendant Means later filed a petition for post-conviction relief in state court attacking the validity of his guilty pleas and the effectiveness of trial counsel. Id. This court found that the record clearly established that the terms of Defendant Means' plea agreement had not been fulfilled and that had he known these terms would not have been fulfilled, he would not have pled guilty to the terms offered. Derrick E. Means v. State, No. 02C01-9707-CR-00248. In so concluding, this court held that, because trial counsel had a duty to investigate and determine whether the terms of the plea agreement could be satisfied before recommending the plea to the defendant, counsel's representation was constitutionally deficient. Derrick E. Means v. State, No. 02C01-9707-CR-00248.

## Voluntariness of Guilty Pleas

A recognized corollary to the principle that a guilty plea must be shown to have been intelligently and voluntarily entered is the rule that if the plea is based on a plea bargain which is not fulfilled or is unfulfillable, then the guilty plea cannot stand. Brady v. United States, 397 U.S. 742, 755, 90 S.Ct. 1463, 1472 (1970). See also Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495 (1971) (guilty plea is void even though breach of agreement is inadvertent). Representations by defense counsel, the State prosecutor or the court, though made in good faith, are not acceptable if the representations are false. See Correale v. United States, 479 F.2d 944, 947 (1st Cir. 1973). Indeed, ignorance of the law, where that ignorance results in the imposition of an illegal sentence,

---

[3]As in the present case and as noted by the prior panel of this court, the refusal to honor the negotiated plea agreement results in the service of consecutive and not concurrent sentences.

is not an excuse that will serve to validate a plea agreement. See, e.g., Cohen v. United States, 593 F.2d 766 (6th Cir. 1979).

Although the intent of the parties to the plea agreement was that the appellant's sentences would run concurrently with the federal sentence, subsequent action by federal authorities rendered the plea agreement incapable of enforcement. The State fulfilled, to the extent that it could, its end of the bargain. Moreover, the state trial court was without authority to enforce the intent of the plea agreement. As noted by this court in Derrick E. Means v. State, although

> [t]he Tennessee Rules of Criminal Procedure do provide for concurrent service of state and federal sentences if explicitly ordered by the trial court, Tenn. R. Crim. P. 32; State v. Graham, 544 S.W.2d 921, 922 (Tenn. Crim. App. 1976), . . . The implementation of concurrent state and federal sentences has proven to be difficult. . . . The practical problems with the rule are as a result of dual sovereignty. Neither sovereign controls the other's proceedings. . . .

Derrick Means v. State, No. 02C01-9707-CR-00248 (internal citations omitted). "There is also absolutely no indication of record that the United States played any part in fashioning [the appellant's] Tennessee plea bargain or sentence. Absent this, federal prison officials are under no obligation to take state prisoners into custody until released from the state sentence." United States v. Derrick Eugene Means, 124 F.3d 201, No. 97-5316 (6th Cir. (Tenn.) Sept. 19, 1997) (citing see, e.g., Bloomgren v. Belaski, 948 F.2d 688, 691 (10th Cir.1991); Del Guzzi v. United States, 980 F.2d 1269, 1271 (9th Cir.1992) (per curiam)).

Where a promise embodied in a plea agreement cannot be legally performed by the parties, the voluntariness of the plea will be affected since the plea bargain agreement is the direct inducement for the guilty plea. There can be little doubt that a guilty plea entered pursuant to a plea bargain that promises a concurrent sentence must be set aside where the promise of concurrency is not fulfilled. Concurrency of sentences is a valuable agreement which, if not performed as promised, results in an involuntary plea. Although the prosecution and defense counsel may not have been fully aware of the contingent nature of the plea bargain, the parties' ignorance does not diminish the fact that the plea was entered based on a promise of concurrency that could not be fulfilled by the State. Accordingly, we conclude that the appellant's pleas in the present case were not knowingly and voluntarily entered.

## Ineffective Assistance of Counsel

Where a guilty plea is brought about by a promise that is legally impossible to fulfill, not only has the prosecution failed in its duty, but defense counsel has rendered incompetent advice by failing to investigate and determine whether the terms of the plea agreement could be satisfied before recommending the plea to his or her client. See generally Hill v. Lockhart, 474 U.S.52, 106 S.Ct. 366 (1985) (involuntary guilty pleas resulting from erroneous or negligent advice by counsel). See, e.g., Derrick E. Means v. State, No. 02C01-9707-CR-00248. The representations by counsel in the present case were directly related to the appellant's acceptance of the plea bargain and his pleading

guilty. Thus, we find that, but for counsel's negligent advice regarding the plea agreement, the appellant would not have entered the plea and would have insisted on going to trial. <u>See</u> <u>Hill v. Lockhart</u>, 474 U.S. at 59, 106 S.Ct. at 370; <u>see also</u> <u>Walton v. State</u>, 966 S.W.2d 54, 55 (Tenn. Crim. App. 1997).


## Relief

Considering the analogous circumstances presently before this court with those presented in <u>Derrick E. Means v. State</u>, No. 02C01-9707-CR-00248, and finding no grounds to depart from this court's sound reasoning in that decision, we adopt this court's holding in <u>Derrick E. Means</u>, in determining what relief should be granted in the present case. In <u>Derrick E. Means v. State</u>, this court suggested several alternative forms of relief. In doing so, the court advised:

> Fashioning relief for the petitioner will take the combined good faith efforts of all involved. The parties are first encouraged to make every effort to fulfill the intent of the plea bargain. Specific performance may, however, be impossible to effectuate. Both defense counsel *and* the district attorney's office, while taking steps to preserve the integrity of the state sentence, should contact federal authorities and determine whether the federal authorities would be willing to accept the petitioner for his federal sentence.
>
> If specific performance is an impossibility, the parties should enter into new plea negotiations taking into account the intentions of the failed plea agreement. The agreement failed through no fault of the petitioner. In our view, plea negotiations and sentencing should take into account the time the petitioner has served in prison and in the county jail. If these avenues do not provide a satisfactory resolution, the petitioner may be allowed to withdraw his guilty pleas altogether and face trial.

<u>Derrick E. Means v. State</u>, No. 02C01-9707-CR-00248 (emphasis in original).

Finding that the record preponderates against the post-conviction court's findings, we reverse and remand for proceedings consistent with the avenues of relief proposed by this court in <u>Derrick E. Means v. State</u>, No. 02C01-9707-CR-00248, and adopted by this panel.


_____
DAVID G. HAYES, JUDGE


-5-