**George W. BRADY, Petitioner–
Appellant,**

v.

**State of TENNESSEE, Respondent–
Appellee.**

**No. 99–6623.**

United States Court of Appeals,
Sixth Circuit.

Dec. 21, 2001.

Before DAUGHTREY, GILMAN, and GIBSON,* Circuit Judges.

PER CURIAM.

George Brady, a Tennessee state prisoner, filed a petition for a writ of habeas corpus in federal district court, attacking his conviction on four counts of first degree murder and use of a firearm in the commission of a felony. The district court, acting *sua sponte*, dismissed the petition, finding that it was untimely under the Anti–Terrorism and Effective Death Penalty Act (AEDPA). We agree, and we therefore affirm the judgment of the district court.

Brady's state convictions became final in 1979 and his state post-conviction litigation

---

* The Hon. John R. Gibson, United States Circuit Judge for the Eighth Circuit Court of Appeals, sitting by designation.

ended in 1984. On February 6, 1997, he filed a petition for a writ of error coram nobis in state court that was dismissed as untimely on August 12, 1997. The Tennessee Court of Criminal Appeals affirmed the trial court's order on April 3, 1998, and the Tennessee Supreme Court denied permission to appeal on October 27, 1998. On October 25, 1999, Brady filed his habeas petition in federal court, but the district court dismissed it with prejudice on the ground that it was barred by AEDPA's one-year limitations period, as provided in 28 U.S.C. § 2244(d)(1). That period began running on the date the Act became effective—April 24, 1996. Thus, unless the one-year period was tolled, Brady's petition had to have been filed in federal court by April 24, 1997, in order to be considered timely. The district court held that the limitations period was not tolled under subsection (d)(2), which suspends it for the "time during which a properly filed application for State post-conviction or other collateral review ... is pending," because the state coram nobis petition was untimely under state law and therefore was not "properly filed" under the Act.

As Brady notes in his brief on appeal, the Supreme Court's recent opinion in *Artuz v. Bennett*, 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000) (interpreting the requirement in § 2244(d)(2) that a state collateral action be "properly filed"), provides him no basis for relief in this case. In his initial brief, Brady attempted to circumvent *Bennett* by arguing that the Tennessee tribunals erred when they treated his coram nobis petition as a post-conviction petition and thus applied an incorrect, stringent limitations period. However, as noted by the State, the limitations period to file a coram nobis petition is even more stringent: one year from the date on which the judgment of conviction became final in the trial court. *See State of Tennessee v. Mixon*, 983 S.W.2d 661, 670 (Tenn.1999).

Brady also argues that because he has been incarcerated in a federal facility since his state conviction became final in 1979, we should equitably toll the limitations period based on our unpublished opinion in *Phillips v. Mills*, No. 98–5061, 1999 WL 685925 (6th Cir. Aug.25, 1999). There, the habeas petitioner argued that the procedural default of his federal claims in the state courts of Tennessee should be excused due to his imprisonment in the state of Alabama on other convictions. We held that the petitioner established cause for the untimely filing of post-conviction relief in Tennessee due to (1) his inability to obtain necessary Tennessee legal materials in the Alabama prison, and (2) his reliance on statements by Alabama prison officials that he would have to wait until he was transferred to Tennessee prisons to have access to those materials. *Id.* at * 4. The analysis in that case, dealing with the question of procedural default, is simply inapplicable to the dispositive issue in this action. Were we to hold otherwise, we would effectively eviscerate the decision in *Bennett*.

For the reasons set out above, we AFFIRM the judgment of the district court.