IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 20, 2013

## GEORGE WILLIAM BRADY v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Sevier County**
**No. 10516-III     Rex Henry Ogle, Judge**

---

**No. E2013-00792-CCA-R3-PC - Filed December 19, 2013**

---

The petitioner, George William Brady, appeals from the order of the Sevier County Criminal Court dismissing "all pro se actions and pleadings" filed in that court. Although the petitioner filed, and the criminal court denied, a plethora of pro se motions, the petitioner challenges only the denial of his motion to correct the judgment. Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which JERRY L. SMITH and D. KELLY THOMAS, JR., JJ., joined.

George William Brady, Mountain City, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Kyle Hixson, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

A Sevier County Criminal Court jury convicted the petitioner of four counts of first degree murder and four counts of using a firearm during the commission of a felony for his role in the April 9, 1977 robbery of the Kodak branch of the Citizen's National Bank and the execution-style murders of three bank employees and a customer. *See Brady v. State*, 584 S.W.2d 245, 247 (Tenn. Crim. App. 1979) (*Brady I*). The jury fixed the petitioner's punishment "at 99 years in the State penitentiary on each charge of first degree murder and five years in the State penitentiary on each charge of use of a firearm in the commission of a felony." *Id.* The trial court ordered the sentences to be served consecutively to one another, *see id.*, and consecutively to any sentence imposed for the petitioner's federal

conviction of bank robbery, *see United States v. Brady*, 595 F.2d 359, 360 (6th Cir. 1979), *cert. denied* 444 U.S. 862 (1979) (*Brady II*) (revealing that the petitioner was convicted in the United States District Court for the Eastern District of Tennessee "of armed bank robbery wherein deaths occurred in violation of 18 U.S.C. § 2113(a), (e)"). Following his trial and conviction in state court, the State returned the petitioner to federal custody to serve the 99-year sentence imposed for his bank robbery conviction but "placed detainers with the federal authorities so the [petitioner] would be returned to state custody to serve his state sentences following the completion of his federal sentence." *See State v. Brady*, 671 S.W.2d 863, 864 (Tenn. Crim. App. 1984), *perm. app. denied* (Tenn. May 29, 1984) (*Brady III*). The petitioner's efforts to overturn his convictions and/or shorten the duration of the combined 515-year term of incarceration imposed for the offenses committed on April 9, 1977, began shortly thereafter.

This court affirmed the defendant's convictions, *see Brady I*, 584 S.W.2d at 253, as well as the denial of a petition for writ of habeas corpus wherein the petitioner claimed that "his return by the State to the federal authorities constituted an implied pardon of his state convictions" warranting dismissal of the state detainers, *see Brady III*, 671 S.W.2d at 864. The Sixth Circuit Court of Appeals similarly affirmed the dismissal of a petition for federal habeas corpus relief from his state convictions. *See Brady v. Tenn.*, 23 Fed. Appx. 534 (6th Cir. 2001) (*Brady IV*). This court affirmed the dismissal of a petition for writ of error coram nobis filed while the petitioner was in federal custody. *See id.* at 535. The petitioner served 30 years in federal custody before he was returned to Tennessee to begin service of his state sentences in April 2007. *See George Brady v. Tenn. Dep't Corr.*, No. M2009-02387-COA-R3-CV, slip op. at 2 (Tenn. Ct. App., Nashville, July 2, 2010) (*Brady V*). Shortly after his return to state custody, the petitioner filed in the Davidson County Chancery Court a petition for declaratory judgment, claiming entitlement to immediate parole consideration on grounds that "the time spent in federal custody should be credited against the sentence imposed by the state court." *See Brady V*, slip op. at 2-3. In answer to the petition for declaratory judgment, the Department of Correction ("TDOC") filed a motion for summary judgment, which the chancery court granted, "finding that [the petitioner's] state sentences did not begin to run until his release from federal custody, that TDOC's calculation of sentence and parole eligibility date was correct, and that [the petitioner] was not entitled to receive credit for the time spent in federal prison." *Id.*, slip op. at 3.

On September 1, 2010, the pro se petitioner wrote a letter to the Sevier County Criminal Court Clerk asking the clerk to provide "a copy or statement that you don't have no sentence papers b[e] run . . . consecutive with my federal time." In response to the letter, the clerk sent to the petitioner copies of the verdict and sentence forms, each of which indicates that the first degree murder and firearms sentences are to be served consecutively

to one another and to any other sentence:

> This sentence is to run independently of and not concurrently with any sentence or sentences previously or hereafter imposed upon this defendant by this court or any other court. If any such sentence has been heretofore or may be hereafter imposed upon said defendant, the within sentence and any other such sentence or sentences shall run consecutively unless one or more or all of such other sentences are imposed to run concurrently in whole or in part with the within sentence.

This language would operate to require consecutive service of the state and federal sentences, as evidenced by the filing of state detainers with the federal court upon the defendant's return to federal custody following his state trial. *See Brady III*, 671 S.W.2d at 864.

On February 7, 2011, the petitioner filed in the Sevier County Criminal Court a pleading styled, "Motion; Application to Void the Judgment," asking the court to void his judgments on grounds that "his punishment, which is to say, 'sentenced' should no longer have prospective application" and that "the nature of his offenses to evolve from the same criminal episode, common-scheme, and plan, as well as criminal transaction, constitutional fundamental fairness necessitated a 'merger of offenses', and, for purposes of concurrent sentences." The petitioner also apparently sought resentencing pursuant to the 1982 Sentencing Act, passed five years after his convictions in this case, because he believed that any sentence imposed under that Act would have been more lenient than the sentence he received.

On April 25, 2011, the petitioner filed in the Sevier County Criminal Court a "Motion to Amend and/or Correct Judgment Pursuant to T.C.A. § 40-23-101 - § 40-35-209 - T.R.Cr.P., Rule 32 and 36." In this pleading, the petitioner asked the court to amend or correct the judgments in his case to reflect 125 days' pretrial jail credit for his incarceration in the Sevier County Jail from April 9, 1977, to August 12, 1977. Nearly one year later, on April 18, 2012, the petitioner filed a motion for default judgment, claiming that because the State had failed to file an answer to his pro se pleadings and because "this case has been pending in this court for more than 2 years," he was entitled to a default judgment.

On January 2, 2013, the Sevier County Criminal Court entered an order disposing of "all [p]ro [s]e actions and pleadings filed and/or pending" in that court. In the order, the court recited the procedural history of the petitioner's case and recounted the petitioner's numerous attempts at relief from his lengthy sentence. The court, noting that the petitioner "has had his claims of all types reviewed by both Tennessee and United States trial

-3-

and appellate courts in a total of at least 21 occasions," found "[t]hat instead of having 'one bite of the apple,' the [p]etitioner has feasted upon the many barrels of legal fruit offered by the American legal system." In consequence, the court made the following ruling:

> From all of which, it is hereby ordered, adjudged, and decreed as follows:
>
> (1) That every claim that has been, could have been, or should have been filed, has long been extinguished by any applicable statute of limitation or by the doctrine of *res judicata* based upon previous hearings and rulings.
>
> (2) That all claims presently pending filed by [p]etitioner, whether they be habeas corpus, post-conviction, mandamus, motion for default or summary judgment, motion to alter, correct or amend, prayers, complaints, supplications, requests, suggestions, inquiries, or dissatisfaction with the legal system, are hereby <u>Dismissed</u>, <u>Disallowed</u>, <u>Overruled</u>, <u>Denied</u>, <u>Refused</u>, and <u>Rejected</u>, WITH PREJUDICE . . . .

Then, within the 30-day time for filing a notice of appeal, the petitioner attempted to file a notice of appeal in this court rather than file it in the criminal court as required by the rules of appellate procedure. *See* Tenn. R. App. P. (4)(a). The appellate court clerk did not file the notice of appeal but returned it to the petitioner and informed him, pursuant to the rules of appellate procedure, that the incorrectly-filed notice had "no legal effect." The petitioner then sent the returned notice to be filed in the Sevier County Criminal Court along with a letter noting that, because the notice had been stamped filed in this court, it was timely.

The State moved to dismiss the appeal on grounds that the notice of appeal was untimely and that the interests of justice did not warrant waiving the timely filing of the notice in this instance. The State also claimed that the petitioner had no appeal as of right from the denial of his pro se pleadings in this case. Noting that Tennessee Rule of Appellate Procedure 3, as amended, did provide for an appeal as of right from the denial of a motion to correct an illegal sentence filed pursuant to Tennessee Rule of Criminal Procedure 36.1 and that the petitioner's primary claim, that he had been deprived of pretrial jail credits, would, if true, result in an illegal sentence, this court denied the State's motion to dismiss and ordered the parties to address the jurisdictional issue in their respective briefs.

In his brief, the petitioner abandons all of the claims raised in the myriad

motions filed in the criminal court save the single claim that the trial court failed to award him "all pretrial sentence credits for the time during which he has been in continuous custody." Although the petitioner's motion in the criminal court asked for only 125 days of pretrial jail credit, he now claims entitlement to credit on his state sentences for the time spent serving his federal sentence. He does not mention the 125 days' credit in either his original or reply briefs, and instead he argues that because "he has been in continuous custody - 'day-for-day' - since his initial arrest" and because that custody "involves the offenses for which he was subsequently convicted and sentenced," he should be given "the accurate number of sentence credits to which he is entitled and consistent with the actual number of years for which the petitioner has actually been incarcerated." The petitioner contends that the state detainers that were in place while he served his federal sentence equated to his being in the custody of the State and that, as a result, he should be given "pretrial sentence credits" for the entire time he was incarcerated in the federal penitentiary. He also argues that because the trial court ordered that his sentences be served consecutively, he should be given the credit on each of his sentences. He asks that this court remand the case to the trial court for the determination of the exact number of credits to be awarded.

In its brief, the State contends that the criminal court lacked jurisdiction to entertain the petitioner's motion filed pursuant to Code section 40-23-101 and that an appeal as of right does not lie from the criminal court's order denying the same. The State asserts that the proper avenue for bringing a challenge to the denial of pretrial jail credits is via a properly filed petition for a writ of habeas corpus. The State argues that because the petitioner does not claim that the trial court awarded the credits but failed to memorialize the award in the judgment, the petitioner's claim does not fall within the purview of Criminal Procedure Rule 36, which, it claims, is reserved for correction of merely clerical errors. The State avers that the petitioner's motion, filed in April 2011, should not be construed as a motion to correct an illegal sentence pursuant to Criminal Procedure Rule 36.1, which did not become effective until July 1, 2013. Because, the State says, Rule 36.1 did not exist at the time the motion was filed, the criminal court did not address the petitioner's entitlement to relief under that rule. As such, the court's order denying relief did not "dispos[e] of a motion filed pursuant to" that rule, and, consequently, no appeal as of right lies from the criminal court's order. The State also contends that although the amendments to Criminal Procedure Rule 36 were remedial and procedural in nature, requiring their retroactive application, the creation of Rule 36.1 was not.

Our first task is to determine whether we have jurisdiction of the petitioner's appeal. As indicated, the petitioner filed a number of pro se pleadings in the Sevier County Criminal Court, including a pleading styled, "Motion to Amend and/or Correct Judgment Pursuant to T.C.A. § 40-23-101 - § 40-35-209 - T.R.Cr.P., Rule 32 and 36." In that motion, the petitioner claimed entitlement to 125 days' pretrial jail credit for the period of April 9,

1977, to August 12, 1977. The criminal court's blanket order summarily dismissing all the petitioner's pleadings obviously disposed of this motion. When the petitioner filed this motion in April 2011, Criminal Procedure Rule 36 provided, "After giving any notice it considers appropriate, the court may at any time correct clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission." Tenn. R. Crim. P. 36 (2011). Effective July 1, 2012, Rule 36 was amended by adding the following sentence to the original language, "Upon filing of the corrected judgment or order, the defendant or the state may initiate an appeal as of right pursuant to Rule 3, Tennessee Rules of Appellate Procedure." Tenn. R. Crim. P. 36 (2012). Then, just this year, the supreme court promulgated new Criminal Procedure Rule 36.1, which provides:

> RULE 36.1. CORRECTION OF ILLEGAL SENTENCE.
>
> (a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.
>
> (b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.
>
> (c) (1) If the court determines that the sentence is not an illegal sentence, the court shall file an order denying the motion.
>
> (2) If the court determines that the sentence is an illegal sentence, the court shall then determine whether the illegal sentence was entered pursuant to a plea agreement. If not, the court shall enter an amended uniform judgment document, see Tenn. Sup. Ct. R. 17, setting forth the correct sentence.
>
> (3) If the illegal sentence was entered pursuant to a plea agreement, the court shall determine whether the illegal

-6-

provision was a material component of the plea agreement. If so, the court shall give the defendant an opportunity to withdraw his or her plea. If the defendant chooses to withdraw his or her plea, the court shall file an order stating its finding that the illegal provision was a material component of the plea agreement, stating that the defendant withdraws his or her plea, and reinstating the original charge against the defendant. If the defendant does not withdraw his or her plea, the court shall enter an amended uniform judgment document setting forth the correct sentence.

(4) If the illegal sentence was entered pursuant to a plea agreement, and if the court finds that the illegal provision was not a material component of the plea agreement, then the court shall enter an amended uniform judgment document setting forth the correct sentence.

(d) Upon the filing of an amended uniform judgment document or order otherwise disposing of a motion filed pursuant to this rule, the defendant or the state may initiate an appeal as of right pursuant to Rule 3, Tennessee Rules of Appellate Procedure.

Tenn. R. Crim. P. 36.1 (Effective July 1, 2013). To bring the rules of appellate procedure into alignment with the rules of criminal procedure, the supreme court also amended Tennessee Rule of Appellate Procedure 3 to provide both parties with an appeal as of right from "an order or judgment entered pursuant to Rule 36 or Rule 36.1, Tennessee Rules of Criminal Procedure." Tenn. R. App. P. 3(b), (c) (2013).

The amendments to Rule 36 and Rule 3(c) providing an appeal as of right from the denial of a motion to correct filed pursuant to Rule 36 became effective before the petitioner filed his notice of appeal in this case in March 2013. Consequently, we have jurisdiction of the denial of the petitioner's motion to correct his sentence. Unfortunately for the petitioner, jurisdiction of the resolution of that motion would not avail him of the relief he desires because a motion to correct filed under Rule 36 is not the proper avenue for challenging an illegal sentence. *See Moody v. State*, 160 S.W.3d 512, 516 (Tenn. 2005) ("[T]he proper procedure for challenging an illegal sentence at the trial level is through a petition for writ of habeas corpus, the grant or denial of which can then be appealed under the Rules of Appellate Procedure."); *see also Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007) ("A habeas corpus petition, rather than a motion to correct an illegal sentence, is the proper procedure for challenging an illegal sentence."); *Stephenson v. Carlton*, 28 S.W.3d

-7-

910, 912 (Tenn. 2000) (stating that a void sentence was properly challenged in a petition for writ of habeas corpus). As indicated, however, Rule 36.1 created a new avenue for pursuing an illegal sentence claim. The State argues that newly-created Rule 36.1 is substantive rather than remedial or procedural in nature, making retroactive application of that rule improper. As the State acknowledges, a panel of this court has concluded that Rule 36.1, like the amendment to Rule 36, is remedial or procedural in nature and should be given retroactive application to those appeals pending when the rule became effective. *See State v. Brandon Rollen*, No. W2012-01513-CCA-R3-CD, slip op. at 5 (Tenn. Crim. App., Jackson, Sept. 11, 2013). The petitioner filed his notice of appeal in March 2013, and his appeal was pending when Rule 36.1 became effective. Under the ruling in *Brandon Rollen*, Rule 36.1 could be applied retroactively to the petitioner's case.

In his motion to correct, the petitioner asserted that he had been denied 125 days' pretrial jail credit. Code section 40-23-101(c) requires the sentencing court to award "credit on the sentence for any period of time for which the defendant was committed and held in the . . . county jail or workhouse, pending arraignment and trial" that arises "out of the original offense for which the defendant was tried." T.C.A. § 40-23-101(c). A trial court's failure to award "credits mandated under Code section 40-23-101(c) contravenes the requirements of that statute and results, therefore, in an illegal sentence." *Tucker v. Morrow*, 335 S.W.3d 116, 123 (Tenn. Crim. App. 2009). Thus, the petitioner's motion to correct his sentence to reflect the award of 125 days' pretrial jail credit could be construed as a motion to correct an illegal sentence pursuant to Rule 36.1. Construing the motion this way would provide the petitioner both an avenue for presenting his illegal sentence claim that does not share the mandatory filing requirements of a petition for writ of habeas corpus and an appeal as of right under Rule 3(c).

Using this construction, we turn to the resolution of the petitioner's claim. As indicated, the petitioner's motion to correct asked for the award of 125 days' jail credit, a colorable claim under Rule 36.1. Under the liberal terms of Rule 36.1, the petitioner's raising a colorable claim would entitle him to the appointment of counsel and a hearing on his claim, even without any documentation from the underlying record to support his claim. *See* Tenn. R. Crim. P. 36.1(b) ("If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court *shall* appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court *shall* hold a hearing on the motion, unless all parties waive the hearing.) (emphasis added); *Brandon Rollen*, slip op. at 6 ("We note that in contrast to the requirements to survive summary dismissal of a habeas corpus claim, Rule 36.1 requires a defendant to state a colorable claim in his motion but does not require that he attach supporting documents."). Indeed, Rule 36.1 contains no provision for summary dismissal, even when the record establishes that the claim

raised in the motion cannot be supported. *Compare* Tenn. R. Crim. P. 36.1 (mandating the appointment of counsel and a hearing upon the mere statement of "a colorable claim") *with* T.C.A. § 40-30-106(a)-(h) (requiring the post-conviction court to examine any post-conviction petition "together with all the files, records, transcripts, and correspondence relating to the judgment under attack" before appointing counsel and holding an evidentiary hearing or summarily dismissing the petition). In this case, however, the petitioner abandoned on appeal his original claim to 125 days' pretrial jail credit in favor of a claim that he is entitled to credit on each of his state sentences for the time spent serving his federal sentence. Because the petitioner abandoned his claim to 125 days' pretrial jail credit, that claim is waived. *See* Tenn. Ct. Crim. App. R. 10(b) ("Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court."); *see also State v. Dellinger*, 79 S.W.3d 458, 488 (Tenn. 2002) (refusing to address issues raised in the trial court but abandoned on appeal). Because the petitioner presents his claim to credit for time spent in federal confinement for the first time on appeal, it, too, is waived. *See State v. Johnson*, 970 S.W.2d 500, 508 (Tenn. Crim. App. 1996) ("Issues raised for the first time on appeal are considered waived.").

Additionally, both claims are wholly without merit. First, the petitioner was in federal custody from the moment he "was formally arrested for the commission of the bank robbery" on April 10, 1977, after a period of interrogation by an agent of the Federal Bureau of Investigation at the Sevier County Sheriff's Department, *see Brady II*, 595 F.2d at 360, until he was released from federal custody on April 9, 2007, to begin serving the 416-year sentence imposed for his convictions of first degree murder and use of a firearm, *see Brady V*, slip op. at 2. That the petitioner was arrested for bank robbery by federal authorities indicates that he was placed in federal custody, and there he remained for 30 years. The petitioner concedes as much in his brief. Second, the petitioner's claim that he is entitled to credit for the time spent in federal confinement from the time of his arrest on April 10, 1977, until the time of his transfer to state custody on April 9, 2007, is essentially the same claim raised and rejected in *Brady V*, despite its being disguised as a claim of an illegal sentence via the deprivation of pretrial jail credits. We see no reason to depart from the result in *Brady V*. The trial court ordered the petitioner's state sentences to be served consecutively to one another, for a total effective sentence of 416 years' incarceration. The court also ordered that the 416-year sentence be served consecutively to the petitioner's 99-year federal sentence for bank robbery, bringing the total effective sentence to 515 years' incarceration. The petitioner, apparently having served all the time required of him on his federal sentence, was returned to Tennessee to begin service of his 416-year state sentence in April 2007. The petitioner's service of 30 years' confinement in the federal penitentiary for his federal conviction does not, under the circumstances of his case, entitle him to any credit against his state sentences. The judgments in his case make that abundantly clear.

Because the petitioner abandoned the illegal sentence claim raised in his original motion to correct, the petitioner has waived that claim, and, accordingly, no remand of the case to follow the procedure set forth in Rule 36.1 is required despite the claim's being arguably "colorable" under the terms of the rule. Because it has been raised for the first time on appeal, the petitioner's claim to credit for time spent serving his federal sentence has also been waived. Additionally, that claim does not qualify as "colorable" under the terms of Rule 36.1 because it does not suggest a sentence illegality. Finally, the record establishes that there is no merit to either claim. Accordingly, the judgment of the criminal court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE